UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOEL DALY,

Plaintiff,

**COMPLAINT AND JURY DEMAND**

-against-

THE CITY OF NEW YORK, JOHN SIKORA,
JOHN DOES 1-10,

Defendants.
----------------------------------------------------------X

The Plaintiff, JOEL DALY, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

**INTRODUCTION**

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individual police officers identified herein and their employer, the City of New York.

**PARTIES, VENUE AND JURISDICTION**

2. Plaintiff JOEL DALY is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

3. At all relevant times hereinafter mentioned, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

4. At all relevant times hereinafter mentioned, defendant police officer JOHN SIKORA, Shield No. 22498, was employed by the City of New York as a member of the NYPD. Sikora is sued in his individual and official capacities.

5. At all relevant times hereinafter mentioned, defendants John Does One through Ten were individuals employed by the City of New York as members of the NYPD whose actual and complete identities are not known to plaintiff at this time. The Doe defendants are sued herein in their individual and official capacities.

6. This Court has subject matter jurisdiction over the federal claims pursuant to 42 U.S.C. §1983.

7. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

**FACTUAL ALLEGATIONS**

8. Plaintiff is an African-American male.

9. On or about June 23, 2015, at approximately 5:30 a.m., plaintiff was inside apartment. 2 at 486 Glenmore Avenue in the County of Kings, City and State of New York (the "premises").

10. Plaintiff was asleep when he heard a loud banging on the front door.

11. When plaintiff opened the door, defendant officers forcibly entered the apartment with guns drawn and seized the plaintiff.

12. The defendants held the plaintiff along with his roommates at the location for some time while they ransacked the apartment.

13. The defendants eventually transported plaintiff to a police precinct where plaintiff was detained for many hours before being brought to Central Booking, where he was further detained.

14. Plaintiff was then transported to Rikers Island where he spent additional several days until he was released on June 26, 2015.

15. The defendants did not have a warrant to enter the premises, nor consent to enter the premises, nor were there any exigent circumstances that the defendants could reasonably believe would permit their forcible entry onto the premises.

16. Notwithstanding the above, and in the absence of a search warrant, the defendants conducted a thorough search for contraband throughout the apartment, looking through closets, drawers, and the like.

17. During the course of this warrantless search, the defendants forcibly broke into the bedroom of one of the residents. It was inside this bedroom that the defendants claim to have found the alleged firearm.

18. Plaintiff did not exercise custody, control, and dominion over the items found in that bedroom.

19. At the precinct, defendant SIKORA and/or one or more of the other individual defendants falsely informed members of the Kings District Attorney's Office that plaintiff was in possession of the weapon.

20. Prosecutors thereafter incorporated defendant Sikora's false accusations against plaintiff into complaint, which Sykora signed.

21. At no time did any of the individual defendants took any steps to correct their fellow defendants' fabrications and omissions, or otherwise ensure that prosecutors were given a full and accurate statement of the facts surrounding defendants' entry into the premises or plaintiff's arrest.

22. Plaintiff made a number of court appearances before the case against plaintiff was ultimately dismissed.

23. As a result of the defendants' actions, plaintiff suffered physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

24. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

25. That al all times relevant herein, the individual defendants were acting under color of law and within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**
**(§1983 Claim Against the Individual Defendants)**

26. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

27. The individual defendants unlawfully and wrongly entered the premises by fabricating evidence of probable cause and by threatening deadly force if plaintiff did not agree to their entry.

28. Having unlawfully entered the premises, the individual defendants willfully and intentionally seized and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

29. The plaintiff was held in custody without legal cause for their seizure or arrest, and without any reasonable basis for the individual defendants to believe such cause existed.

30. To the extent that any of the individual defendants did not affirmatively engage in such conduct, each such defendant was aware of the unlawful and/or unconstitutional acts of his or her fellow defendants, and failed to take any corrective steps or otherwise intervene in the other defendants' misconduct, despite ample opportunity to do so during the time plaintiff was prosecuted.

31. Accordingly, each defendant is liable for (i) directly participating in the conduct complained of herein, or (ii) failing to intervene in order to prevent

or limit such misconduct.

32. By so doing, the individual defendants, individually and collectively subjected the plaintiff to (i) the unlawful entry, search, and seizure of the premises, as well as their (ii) false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

33. By so doing, the individual defendants, individually and collectively, also subjected the plaintiff to excessive force by threatening the use of deadly force and by actually using force to effectuate their entry into the premises and the arrest of the plaintiff.

34. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish and emotional distress, damage to and loss of their property, the loss of liberty, and the deprivation of his constitutional rights.

**SECOND CAUSE OF ACTION**

35. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

36. The individual defendants employed more force than was reasonably necessary under the circumstances, and further threatened the plaintiff with violence without cause or justification.

37. The individual defendants are therefore liable to the plaintiff for having assaulted him by placing him in fear of imminent harm for himself and his fellow roommates.

38. The individual defendants are also liable for battery and the use of unnecessary force for the force used during and subsequent to the seizure.

39. By reason thereof, the individual defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish and emotional distress and the loss of their liberty and civil rights.

**THIRD CAUSE OF ACTION**

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of their constitutional right to be free from (i) the denial of a fair trial, and (ii) malicious prosecution under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

42. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there were no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which were each terminated in plaintiff's favor.

43. Defendants knowingly communicated false and misleading statements to prosecutors in which they fabricated or otherwise misstated the purported basis for plaintiff's arrest, when they knew that such statements

were false and that there was no basis for their entry into the premises or plaintiff's arrests and prosecutions.

44. To the extent that any of the individual defendants did not affirmatively engage in such conduct, each such defendant was aware of the unlawful and/or unconstitutional acts of his or her fellow defendants, and failed to take any corrective steps or otherwise intervene in the other defendants' misconduct, despite ample opportunity to do so during the time plaintiff was prosecuted.

45. Accordingly, each defendant is liable for (i) directly participating in the conduct complained of herein, or (ii) failing to intervene in order to prevent or limit such misconduct.

46. The fabricated and misleading statements were the proximate cause of the plaintiff's loss of liberty as a result of their arrest and prosecutions.

47. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

**FOURTH CAUSE OF ACTION**

48. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

49. The Defendants each maliciously and sadistically abused their

government power in their actions toward plaintiff.

50. These actions were of a kind likely to, and which in fact did, produce substantial injury to plaintiff.

51. The Defendants treated plaintiff in a manner that shocks the conscience.

52. The Defendants thus violated Plaintiff's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

53. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged.

**FIFTH CAUSE OF ACITON**

55. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

56. The aforementioned conduct of the Defendants occurred while they were on duty and were within the scope of their authority as officers.

57. Thus, Defendant City of New York is liable to Plaintiff for his damages under the doctrine of *respondeat superior* for the actions of the officers.

**SIXTH CAUSE OF ACTION**

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SEVENTH CAUSE OF ACTION**

62. Plaintiff repeats the preceding allegations as though stated fully herein.

63. Not only has the municipal defendant effectively ratified such misconduct by NYPD members generally, the foregoing violations of plaintiff's federal constitutional rights and injuries were further directly, foreseeably, proximately, and substantially caused by conduct, chargeable to the defendant City of New York, amounting to deliberate indifference to the constitutional rights of persons, including plaintiff, who are subjected to excessive force and other misconduct by officers the NYPD know have a demonstrated history of such misconduct.

64. Upon information and belief, the municipal defendant was on

notice prior to June 23, 2015, that the individuals defendants had a history of engaging in misconduct, including, but not limited to, unlawful and otherwise unjustified acts of violence and other misconduct. Notwithstanding such notice, the NYPD failed to take any meaningful supervisory action or otherwise reasonably respond to the defendants' conduct, covered up their further misconduct, and left the defendants in place to continue their pattern and practice of unconstitutional behavior.

65. Upon information and belief, each of the individual defendants has also amassed a number of civilian complaints for a variety of misconduct.

66. Notwithstanding the litany of complaints concerning the defendants' prior use of excessive force, the City of New York continued to employ the defendants without any change in their status.

67. Moreover, there were, on information and belief, no meaningful investigations into these complaints, and certainly no attempt whatsoever by the NYPD or the City of New York to examine the defendants' general conduct towards the public. Put differently, the City was aware of this pattern of excessive force by some or all of the individual defendants, yet, upon information and belief, made no effort to modify, increase, supplement, or otherwise intensify the defendants' supervision, or otherwise ensure that he had not and would not engage in such blatant misconduct.

68. The City of New York's refusal to impose any discipline, to conduct any meaningful investigation, or to otherwise express even the slightest scintilla of concern that the individual defendants were prone to unnecessary

and unjustifiable violence was a clear and unequivocal endorsement of the defendants' misconduct that could only be understood as a ratification of this past misconduct that encouraged the defendants to continue to engage in such misuses of force.

69. Such actions by the City of New York are a reflection of the municipal defendant's repeated and untenable abdication of its responsibility to supervise and discipline its employees, and to otherwise protect the public from officers the NYPD knows are a threat to the public's safety and well being, and evince a complete disregard and deliberate indifference to the rights and welfare of those with whom these officers, and the defendants in particular, interact.

70. These actions further reflect a policy, custom, and practice, or a ratification thereof through a demonstrated failure to act to curtail such behavior, and thus the aforesaid policies, procedures, regulations, practices and/or customs of the municipal defendant were, collectively and individually, a substantial factor in bringing about the aforesaid constitutional violations by the individual defendants.

71. The City's abdication of its duty to supervise its police officers, and its tacit, if not overt, endorsement of excessive force and similar misconduct, reflects the City's deliberate indifference to the established risks that such conduct poses to the public at large.

72. The City's failure to act in the face of overwhelming evidence that the defendants were prone to excessive and unnecessary violence against

civilians is evidence of its deliberate indifference to the individual defendants' demonstrated pattern of behavior, and the very real risk that they would continue to engage in constitutional violations, such as the assault that they eventually committed against plaintiff.

73. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of their constitutional rights.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against defendants jointly and severally as follows:

(a) Actual and punitive damages against the individual defendants in an amount to be determined at trial;

(b) Actual damages in an amount to be determined at trial against the City of New York;

(c) Statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. § 1988 and New York common law, disbursements, and costs of the action; and

(d) Such other relief as the Court deems just and proper.

DATED: February 19, 2018

Brooklyn, New York

Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO: All Defendants
Corporation Counsel of the City of New York