UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOEL DALY,

                        Plaintiff,

          -against-                              **ORDER**
                                                     18 CV 1050 (MKB) (CLP)

CITY OF NEW YORK *et al.*,

                        Defendants.
-----------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

       On February 19, 2018, plaintiff Joel Daly commenced this action against the City of New York, Police Officer John Sikora, and several defendants whose identities are currently unknown. (See generally Compl., Feb. 19, 2018, ECF No. 1). The City and Officer Sikora waived service under Rule 4(b) (see Waivers of Service, Apr. 11, 2018, ECF Nos. 8-9), and now seek an extension of time to respond to the Complaint on the basis of the obligations imposed by Rule 11. (See Defs.' Mot. at 1-2, Apr. 11, 2018, ECF No. 10). Such a request is governed by Rule 6 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" before the Court may grant an extension of time. See Fed. R. Civ. P. 6(b)(1).

       At the outset, the Court observes that Rule 11 imposes an obligation to conduct "an inquiry reasonable under the circumstances[.]" Fed. R. Civ. P. 11(b). The touchstone of Rule 11 is reasonableness. At least at the pleading stage, that means Rule 11 "imposes a 'stop-and-think obligation' on the signer" and "requires inquiry, not proof." U.S. Spring Commc'ns Co. v. Kaczmarek, 121 F.R.D. 414, 416 (D. Kan. 1988) (quoting Duncan v. WJLA-TV, Inc., 106 F.R.D. 4, 5-6 (D.D.C. 1984)). The time within which a party must file a responsive pleading under Rule 12(a)(1)(A) is one circumstance that informs whether the conduct of a party or attorney meets Rule 11's reasonableness standard. Had the drafters of the Federal Rules

intended the obligations of Rule 11 to determine the time within which a party must file a responsive pleading, they no doubt would have said so. They did not.

The Court therefore concludes that the mechanical invocation of the obligation to conduct an inquiry that is reasonable under the circumstances as required by Rule 11(b) does not provide the "good cause" required by Rule 6.[1] One purpose of Rule 11, to prevent "unnecessary delay," reinforces that conclusion. See Fed. R. Civ. P. 11(b)(1). In fact, routine requests for extension of time without a showing of good cause may themselves violate Rule 11's prohibition on submitting papers for the purpose of causing unnecessary delay. See id.

The City and Officer Sikora contend that an extension of time is warranted because plaintiff did not provide the release necessary for the City to access certain sealed records until April 11, 2018. (See Defs.' Mot. at 1 & n.1). The Court concludes that the delay in providing the release necessary to access essential information, under these circumstances, constitutes good cause to extend the deadline for a responsive pleading and grants the motion on that basis. The City and Officer Sikora shall respond to the Complaint by May 21, 2018. Also by that date, the City shall provide the identities of any additional officers involved in the incident described in the Complaint. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      April 12, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[1] By contrast, where the Court has granted additional time to file a responsive pleading, the increased amount of time necessarily will require counsel and the parties to conduct a more thorough inquiry in order to be reasonable under the circumstances.