UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOEL DALY,

                Plaintiff,                    SECOND AMENDED COMPLAINT AND JURY DEMAND
                                                                   18CV1050 (MKB)(CLP)

     -against-

JOHN SIKORA, RYAN LYNCH, DAMON MARTIN,
MICHAEL LIPETRI, MICHAEL DOYLE,

                Defendants.
------------------------------------------------------------X

       The Plaintiff, JOEL DALY, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Second Amended Complaint:

## INTRODUCTION

       1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988 against the individual police officers identified herein.

## PARTIES, VENUE AND JURISDICTION

       2.    Plaintiff JOEL DALY is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

       3.    At all relevant times hereinafter mentioned, defendant police officer JOHN SIKORA, Shield No. 22498, was employed by the City of New York as a member of the NYPD. Sikora is sued in his individual and official capacities.

4. At all relevant times hereinafter mentioned, defendant police officer RYAN LYNCH, was employed by the City of New York as a member of the NYPD. Lynch is sued in his individual and official capacities.

5. At all relevant times hereinafter mentioned, defendant police officer DAMON MARTIN, was employed by the City of New York as a member of the NYPD. Martin is sued in his individual and official capacities.

6. At all relevant times hereinafter mentioned, defendant police officer MICHAEL LIPETRI, was employed by the City of New York as a member of the NYPD. Lipetri is sued in his individual and official capacities.

7. At all relevant times hereinafter mentioned, defendant police officer MICHAEL DOYLE, was employed by the City of New York as a member of the NYPD. Doyle is sued in his individual and official capacities.

8. This Court has subject matter jurisdiction over the federal claims pursuant to 42 U.S.C. §1983.

9. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## FACTUAL ALLEGATIONS

10. Plaintiff is an African-American male.

11. On or about June 23, 2015, at approximately 5:30 a.m., plaintiff was inside apartment 2 at 486 Glenmore Avenue in the County of Kings, City and State of New York (the "premises").

12. Plaintiff was asleep when he heard a loud banging on the door.

13. When plaintiff opened the door, defendant officers including defendants JOHN SIKORA and RYAN LYNCH forcibly entered with guns drawn and seized the plaintiff.

14. The defendants held the plaintiff along with other occupants of the home for some time while they ransacked the location.

15. Defendants JOHN SIKORA, RYAN LYNCH, DAMON MARTIN, MICHAEL LEPETRI, MICHAEL DOYLE arrested plaintiff without any probable cause.

16. The defendants eventually transported plaintiff to a police precinct where plaintiff was detained for a number hours before being brought to Central Booking, where he was further detained.

17. Plaintiff was then transported to Rikers Island where he spent several days until he was released on June 26, 2015.

18. The defendants JOHN SIKORA and RYAN LYNCH did not have a warrant to enter the premises, nor consent to enter the premises, nor were there any exigent circumstances that the defendants could reasonably believe would permit their forcible entry onto the premises.

19. Notwithstanding the above, and in the absence of a search warrant, the defendants conducted a thorough search for contraband throughout the apartment, looking through closets, drawers, and the like.

20. During the course of this warrantless search, the defendants forcibly broke into the bedrooms at the location. Defendants claim to have found an alleged weapon inside one of said bedrooms.

21. Plaintiff did not exercise custody, control, and dominion over the items found in that bedroom.

22. No weapon was recovered on plaintiff's person nor in his bedroom.

23. At the precinct, defendant SIKORA and/or one or more of the other individual defendants falsely informed members of the Kings District Attorney's Office that plaintiff was in possession of the weapon.

24. Prosecutors thereafter incorporated defendant Sikora's false accusations against plaintiff into complaint, which Sikora signed.

25. At no time did any of the individual defendants took any steps to correct their fellow defendants' fabrications and omissions, or otherwise ensure that prosecutors were given a full and accurate statement of the facts surrounding defendants' entry into the premises or plaintiff's arrest.

26. Plaintiff made a number of court appearances before the case against plaintiff was ultimately dismissed.

27. As a result of the defendants' actions, plaintiff suffered physical injuries, mental and emotional harm of a permanent nature, loss of liberty, loss of reputation, and other damages.

28. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

29. That al all times relevant herein, the individual defendants were acting under color of law and within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

### FIRST CAUSE OF ACTION
### (§1983 Claim Against the Individual Defendants)

30. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

31. The individual defendants unlawfully and wrongly entered the premises by fabricating evidence of probable cause and by threatening deadly force if plaintiff did not agree to their entry.

32. Having unlawfully entered the premises, the individual defendants willfully and intentionally seized and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed, or otherwise failed to intervene while their fellow officers engaged in this unconstitutional conduct.

33. The plaintiff was held in custody without legal cause for their seizure or arrest, and without any reasonable basis for the individual

defendants to believe such cause existed.

34. To the extent that any of the individual defendants did not affirmatively engage in such conduct, each such defendant was aware of the unlawful and/or unconstitutional acts of his or her fellow defendants, and failed to take any corrective steps or otherwise intervene in the other defendants' misconduct, despite ample opportunity to do so during the time plaintiff was prosecuted.

35. Accordingly, each defendant is liable for (i) directly participating in the conduct complained of herein, or (ii) failing to intervene in order to prevent or limit such misconduct.

36. By so doing, the individual defendants, individually and collectively subjected the plaintiff to (i) the unlawful entry, search, and seizure of the premises, as well as their (ii) false arrest and imprisonment, and thereby violated and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

37. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish and emotional distress, the loss of liberty, and the deprivation of his constitutional rights.

## SECOND CAUSE OF ACTION

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of their constitutional right to be free from (i) the denial of a fair trial, and (ii) malicious prosecution under the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

40. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there were no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which were each terminated in plaintiff's favor.

41. Defendants knowingly communicated false and misleading statements to prosecutors in which they fabricated or otherwise misstated the purported basis for plaintiff's arrest, when they knew that such statements were false and that there was no basis for their entry into the premises or plaintiff's arrests and prosecutions.

42. To the extent that any of the individual defendants did not affirmatively engage in such conduct, each such defendant was aware of the unlawful and/or unconstitutional acts of his or her fellow defendants, and failed to take any corrective steps or otherwise intervene in the other defendants' misconduct, despite ample opportunity to do so during the time plaintiff was prosecuted.

43. Accordingly, each defendant is liable for (i) directly participating in the conduct complained of herein, or (ii) failing to intervene in order to prevent or limit such misconduct.

44. The fabricated and misleading statements were the proximate cause of the plaintiff's loss of liberty as a result of their arrest and prosecutions.

45. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## THIRD CAUSE OF ACTION

46. Plaintiff repeats and realleges each and every allegation above as if fully set forth herein.

47. The Defendants each maliciously and sadistically abused their government power in their actions toward plaintiff.

48. These actions were of a kind likely to, and which in fact did, produce substantial injury to plaintiff.

49. The Defendants treated plaintiff in a manner that shocks the conscience.

50. The Defendants thus violated Plaintiff's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution.

51. The Defendants each deprived Plaintiff of his rights intentionally, willfully, or recklessly, under color of law.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein alleged.

### FOURTH CAUSE OF ACTION

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

55. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth, Sixth and Fourteenth Amendments.

56. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against defendants jointly and severally as follows:

  (a) Actual and punitive damages against the individual defendants in an amount to be determined at trial;

  (b) Statutory attorney's fees pursuant to, *inter alia,* 42 U.S.C. § 1988 and New York common law, disbursements, and costs of the action; and

  (c) Such other relief as the Court deems just and proper.

DATED: July 17, 2018

    Brooklyn, New York

         *AMY RAMEAU*
         _____
         Amy Rameau, Esq.

         The Rameau Law Firm
         16 Court Street, Suite 2504
         Brooklyn, New York 11241
         Phone: (718) 852-4759
         rameaulawny@gmail.com

         *Attorney for Plaintiff*

TO:  All Defendants
    Corporation Counsel of the City of New York